**UNITED STATES DISTRICT COURT**

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| G.A.A., | Case No. 1:25-cv-01102-JLT-EPG-HC |
| Petitioner, | ORDER GRANTING PETITIONER'S MOTION TO AMEND AND DIRECTING PETITIONER TO FILE ECF No. 14-1 AS FIRST AMENDED PETITION ALONG WITH EXHIBITS |
| v. | |
| TONYA ANDREWS, et al., | |
| Respondents. | (ECF No. 14) |

Petitioner, represented by counsel, is a federal immigration detainee proceeding with a petition of writ of habeas corpus pursuant to 28 U.S.C. § 2241.

On September 17, 2025, Petitioner filed the instant motion to amend the petition for writ of habeas corpus. (ECF No. 14.) The motion has been referred to the undersigned for appropriate action. (ECF No. 18.)

A party may amend its pleading once as a matter of course within 21 days after serving it, or "if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading." Fed. R. Civ. P. 15(a)(1). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). See Mayle v. Felix, 545 U.S. 644, 655 (2005) (noting Federal Rule of Civil Procedure 15 is applicable to habeas proceedings). Leave to amend "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a)(2). However, the Court may decline to grant leave to amend "if

there is strong evidence of 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment, etc.'" Sonoma Cty. Ass'n of Retired Employees v. Sonoma Cty., 708 F.3d 1109, 1117 (9th Cir. 2013) (quoting Foman v. Davis, 371 U.S. 178, 182 (1962)).

Here, Petitioner has moved to amend and supplement the petition to clarify that "Respondents did not attempt to remove him from the United States, instead transferring him to a different facility in the District without any notice" and to add "now ripe *Zadvydas* habeas claims for release." (ECF No. 14 at 2.) On September 23, 2025, Respondents filed a statement of non-opposition to the motion to amend. (ECF No. 25.)

As Respondents have filed a written consent to the amendment, the Court need not analyze the relevant factors under Rule 15(a) and the amendment should be allowed. See Fern v. United States, 213 F.2d 674, 677 (9th Cir. 1954) ("As to the action of the court in ordering the amendment . . . it had no choice in the matter. Once the adverse party has consented to the amendment of a pleading, the court has no control over the matter under Rule 15(a).").

"Pursuant to section 636, magistrate judges may hear and determine nondispositive matters, but not dispositive matters[.]" Mitchell v. Valenzuela, 791 F.3d 1166, 1168 (9th Cir. 2015) (citing Hunt v. Pliler, 384 F.3d 1118, 1123 (9th Cir. 2004)). "To determine whether a motion is dispositive, we have adopted a functional approach that looks to the effect of the motion, in order to determine whether it is properly characterized as dispositive or non-dispositive of a claim or defense of a party." Mitchell, 791 F.3d at 1168–69 (internal quotation marks omitted) (quoting Flam v. Flam, 788 F.3d 1043, 1046 (9th Cir. 2015)). "Under our caselaw, to determine whether a magistrate judge's ruling denying a motion is dispositive, we examine whether the denial of the motion effectively disposes of a claim or defense or precludes the ultimate relief sought." Bastidas v. Chappell, 791 F.3d 1155, 1164 (9th Cir. 2015) (citing S.E.C. v. CMKM Diamonds, Inc., 729 F.3d 1248, 1260 (9th Cir. 2013); Flam, 788 F.3d at 1046).

"It should be no surprise that the magistrate judge's decision to *grant* a motion to amend is not generally dispositive[.]" Bastidas, 791 F.3d at 1164. Given that granting the unopposed

motion to amend in the instant proceeding "[does] not dispose of any claims or defenses and [does] not effectively deny . . . any ultimate relief sought," <u>Mitchell</u>, 791 F.3d at 1170 (internal quotation marks and citation omitted), the undersigned has authority to grant the motion.

Based on the foregoing, the Court HEREBY ORDERS that:

1. Petitioner's motion to amend (ECF No. 14) is GRANTED; and
2. Petitioner is DIRECTED to file ECF No. 14-1 as the First Amended Petition along with the accompanying exhibits 1 through 15 (ECF Nos. 19–23, 14-2–14-11) as attachments within seven (7) days of the date of service of this order.

IT IS SO ORDERED.

Dated: **September 24, 2025**         /s/ Erica P. Grosjean
                                      UNITED STATES MAGISTRATE JUDGE