# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| G.A.A., <br><br> Petitioner, <br><br> v. <br><br> TONYA ANDREWS, et al., <br><br> Respondents. | Case No. 1:25-cv-01102-JLT-EPG-HC <br><br> ORDER DIRECTING PARTIES TO INFORM THE COURT WHETHER THEY ARE AMENDABLE TO ADVANCING THE MERITS DETERMINATION |

Petitioner, represented by counsel, is a federal immigration detainee proceeding with a petition of writ of habeas corpus pursuant to 28 U.S.C. § 2241.

On August 29, 2025, Petitioner filed a petition for writ of habeas corpus and motion for temporary restraining order. (ECF Nos. 1, 2.) On August 30, 2025, the Court ordered that Petitioner shall not be removed from the United States nor transferred out of this district. (ECF No. 5.) On September 10, 2025, the parties stipulated to Petitioner withdrawing his motion for temporary restraining order subject to filing a motion for preliminary injunction by September 17, 2025, and moving for leave to amend his habeas petition to allege additional claims by September 17, 2025. (ECF No. 10.)

On September 17, 2025, Petitioner filed a motion to amend the petition. (ECF No. 14.) On September 24, 2025, the Court granted the motion to amend, and the first amended petition ("FAP") was filed. (ECF Nos. 26, 27.)

On September 17, 2025, Petitioner filed a motion for a preliminary injunction enjoining Respondents from continuing to detain him and ordering his release from immigration detention

and enjoining Respondents from removing Petitioner to a third country without a meaningful opportunity to be heard on a potential fear-based claim for relief. (ECF No. 15 at 2.[1]) Respondents filed an opposition, and Petitioner filed a reply. (ECF Nos. 28, 29.) On October 21, 2025, the assigned district judge referred the motion for preliminary injunction to the undersigned for appropriate action. (ECF No. 30.)

"It is so well settled as not to require citation of authority that the usual function of a preliminary injunction is to preserve the status quo ante litem pending a determination of the action on the merits." Tanner Motor Livery, Ltd. v. Avis, Inc., 316 F.2d 804, 808 (9th Cir. 1963). Therefore, "it is not usually proper to grant the moving party the full relief to which he might be entitled if successful at the conclusion of a trial." Id. Based upon a review of the FAP and motion for preliminary injunction, it appears that granting the motion for preliminary injunction would provide Petitioner the full relief to which he might be entitled if the petition for writ of habeas corpus were granted.

Given that the preliminary injunctive relief sought is identical to the ultimate relief sought in the habeas petition and for purposes of judicial efficiency, it appears to the Court that a decision on the merits pursuant to Rule 65(a)(2), which provides that "the court may advance the trial on the merits and consolidate it with the hearing" on a motion for preliminary injunction, may be appropriate. Fed. R. Civ. P. 65(a)(2).

Accordingly, IT IS HEREBY ORDERED that on or before October 27, 2025, the parties shall indicate: (1) whether they are amenable to the Court advancing the merits determination; and (2) whether additional briefing on the merits is required.

IT IS SO ORDERED.

Dated: **October 23, 2025**         /s/ Erica P. Grosjean
                                    UNITED STATES MAGISTRATE JUDGE

---

[1] Page numbers refer to the ECF page numbers stamped at the top of the page.